(No. 77-CC-2290–)

GEORGE E. PARSONS, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 23, 1981.*

AWERKAMP AND McCLAIN (LUCINDA AWERKAMP, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant in this case is attempting to collect compensation from May 9, 1977, through June 30, 1977, with the exception of June 23, 1977.

The record shows that Claimant requested retirement as of July 1, 1977, and accepted the benefits of retirement on that date. Claimant requested vacation as of May 9, 1977, which was granted.

It appears from the record that Claimant was a very dedicated individual and extremely interested in his work. During the period of his vacation, Claimant, according to his testimony, spent a great deal of time doing work that he was accustomed to doing while in the performance of his duties for the State.

Claimant was paid for six (6) days by a warrant issued in the amount of $300.00 which Claimant did not cash because he was afraid it would jeopardize his retirement by accepting a warrant issued after the commencement of his retirement.

The record discloses that Claimant did not keep a

timely record of the periods of time he was supposed to be working. In his letter of retirement, Claimant indicated he would retire only if a certain individual was appointed to fill the vacancy caused by his retirement.

By letter dated May 11, 1977, Claimant was informed that his use of vacation time from May 9, 1977, to July 1, 1977, was approved, and that Mr. William Phillips would be responsible for the supervision of the District IV staff, which was the staff of Claimant.

The record fails to disclose any agreement or contract by which the State agreed to compensate Claimant for work allegedly done while on vacation, part of which time was spent lobbying to get the Commission's bills passed and also endeavoring to secure the appointment of the man he wanted to be his successor. The record is also completely devoid of any authorization from his agency requesting he do any of the work he allegedly did while on vacation.

While it was commendable that Claimant was interested in his work and thought enough of it to work during his vacation, this in itself does not create an obligation on the part of Respondent.

Claimant should be paid the sum of three hundred ($300.00) dollars, representing the warrant that he turned back, which was for days he actually worked.

Claimant having failed to prove he is entitled to extra vacation pay, other than the three hundred dollars above mentioned, said case is dismissed.